**TEXAS–OKLAHOMA EXPRESS, INC., et al.**

v.

**The UNITED STATES of America et al.**

**No. CA 3–6054–C.**

United States District Court,
N. D. Texas,
Dallas Division.

June 7, 1973.

Judgment Affirmed Dec. 17, 1973.

See 94 S.Ct. 832.

Clayte Binion, Rawlings, Sayers & Scurlock, Fort Worth, Tex., Peter T. Beardsley and Nelson J. Cooney, Washington, D. C., Sam Roberts, Church & Roberts, Tulsa, Okl., for plaintiffs.

Thomas E. Kauper, Asst. Atty. Gen., John H. D. Wigger, Atty., Dept. of Justice, Washington, D. C., Frank D. McCown, U. S. Atty., Roger Allen, Asst. U. S. Atty., Dallas Tex., for the United States.

Fritz R. Kahn, Gen. Counsel, Richard Streeter, Washington, D. C., for ICC.

Joe Bruce Cunningham, Hudson, Keltner, Smith & Cunningham, Fort Worth, Tex., Joseph M. Stuhl, Wise & Stuhl, Dallas, Tex., Paul D. Angenend and Phillip Robinson, Robinson, Felts, Starnes & Nations, Austin, Tex., for Santa Fe Trail Transp. Co.

REVIEW OF INTERSTATE COMMERCE COMMISSION REPORT AND ORDER NO. MC–30605 (SUB–NO. 143)

Decided November 15, 1971

Before GOLDBERG, Circuit Judge, HILL, District Judge, and TAYLOR, Chief District Judge.

PER CURIAM:

This is a review of an Interstate Commerce Commission Report and Order which grants The Santa Fe Trail Transportation Company authority to transport goods over routes between Dallas and Fort Worth, Texas, and Oklahoma. *See* The Santa Fe Trail Transportation Company Extension—Dallas and Fort Worth, Texas, 114 M.C.C. 321 (Div. 1, 1971). We affirm.

In November, 1971, the Interstate Commerce Commission granted Santa Fe Trail Transportation Company, a rail-affiliated motor carrier, authority to transport goods over routes between Dallas and Fort Worth, Texas, and points in Oklahoma. Three of the complainants (Texas-Oklahoma Express, Chief Freight Lines, and Braswell Motor Freight Lines) are independent motor carriers which had authority to transport goods over the same routes prior to November, 1971. This action seeks to annul the Interstate Commerce Commission Order which places Santa Fe Trail Transportation Company and the complainants in direct competition.

The issues can be posed by stating the positions taken by the respective parties. Complainants' contentions are generally as follows: (1) Rail-affiliated motor carriers may be granted unrestricted authority only if "special circumstances" exist—and the circumstances here do not meet the standard required by the "special circumstances" doctrine. (2) The Interstate Commerce Commission acted arbitrarily and capriciously in the following respects: a. in making conclusions which are inconsistent with its findings of fact b. in making new findings of fact on matters not placed in issue by exceptions c. in applying a different standard to the same evidence d. in refusing to consider evidence of existing carrier service e. in failing to reopen the proceeding for further hearings.

Respondents, on the other hand, contend that the Interstate Commerce Commission finding that "special circumstances" justified the grant of an unrestricted certificate of public convenience and necessity is supported by substantial evidence and they disagree that the Interstate Commerce Commission acted arbitrarily and capriciously. Thus, briefly stated, the issues are: (1) whether there is substantial evidence to support a finding of those circumstances which meet the standard required by the "special circumstances" doctrine (2) whether the Interstate Commerce Commission acted arbitrarily or capriciously. We have reviewed the record, read the briefs, and listened to oral argument. Our conclusions are that there is substantial evidence to support a finding of those circumstances which meet the standard required by the "special circumstances" doctrine and that the Interstate Commerce Commission did not act arbitrarily or capriciously. *See* Rock Island Motor Transit Company, Common Carrier Application, 63 M.C.C. 91 (Full Com.1954), aff'd sub nom., American Trucking Associations, Inc. v. United States, 355 U.S. 141, 78 S.Ct. 165, 2 L. Ed.2d 158 (1957), and The Santa Fe Trail Transportation Company Extension—Colorado and Kansas Points, 111 M.C.C. 224 (Div. 1, 1970).

Affirmed.